Labauve, J.
The petition alleges, in substance, that on the 20th August, 1863, the defendant sold to plaintiff 1760 pounds of .cotton for the price of $352, paid on said day, and said cotton was to be held by said vendor subject to petitioner’s order; that said cotton is well worth $550; that said defendant has ■ failed and refused to deliver the same or any part thereof.
The petition concludes by praying that said defendant be decreed to deliver to petitioner the said 1760 pounds of cotton, and on his failure to do so, that he be decreed to pay $550, with interest.
The defendant pleaded the general issue, and that the $352 alleged to have been paid for said cotton was paid in Confederate money, which was worthless; that said cotton was stolen by one Yankee Jew, who after-wards paid the said Frank J. Haynes, with a fine gray horse, etc.
On the trial of the cause, defendant offered witnesses to prove that the consideration of the obligation sued upon was Confederate money; plaintiff objected to the testimony on the ground'that, as the.obligation sued upon calls for dollars and cents, it could not be shown that it was to be paid in other than-currency of the United States. The objections being sustained and the testimony rejected, the ruling of the Court was excepted to.
This bill of exceptions is very inaccurately drawn, as the document 'sued upon is not an obi.gat.on to pay money, but to deliver cotton which *239 is alleged to have been paid for, and which defendant offered to provo' was paid in Confederate money. We are of opinion that the Court erred in rejecting the testimony offered to show that this cotton was paid for in Confederate money; for it is clear that this sale of cotton has not been-executed by delivery to the purchaser, and that we are now called upon to compel the vendor to execute it by delivering it; and, if it has been, paid as alleged, and offered to be proved, plaintiff’s demand cannot stand in court, inasmuch as we cannot enforce the contract. The case must be-remanded to receive the proof offered and rejected.
It is therefore ordered and decreed that the judgment appealed from be annulled and'reversed. It is further ordered and decreed, that the ease be remanded to be proceeded with according to law, with instruction to the Judge to admit parol evidence, or other legal proof, going to show that the cotton referred to in the receipt was paid for, as alleged in the answer, and that the appellee pay costs of appeal.